IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYON FINANCIAL SERVICES, INC. ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 10 CV 1882 |
| SHELDON PLAYER, DONNA MALONE, ) | Judge Blanche M. Manning |
| MARK ANSTETT, MACHINE TOOLS ) | |
| DIRECT, INC. and GEORGE W. ) | |
| FERGUSON, ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Lyon Financial Services, Inc. contends that it is the victim of a complicated scheme concocted by the defendants involving leases of substandard equipment used during the manufacturing of semiconductors. Before the court are two motions. In the first, two of the defendants, Machine Tools Direct, Inc. and George Ferguson, ask the court to dismiss the fraud claim against them because the complaint identifies no fraudulent statements made by them to Lyon Financial. In the second motion, Lyon Financial seeks a default judgment against defendants Sheldon Player and Donna Malone based upon their failure to timely file an answer or otherwise plead. For the reasons that follow, the motion to dismiss is granted and the motion for a default judgment is denied without prejudice.

**BACKGROUND**

On March 19, 2007, Charter Capital leased an industrial saw to Equipment Acquisition Resources, a company owned by defendants Sheldon Player and Donna Malone. Under the terms of the lease, Equipment Acquisition Resources was to make monthly payments of $2,737.95 for 36 months to Charter Capital. Six days earlier, on March 13, 2007, Charter Capital had purchased the saw from defendant Machine Tools Direct for $75,000. The invoice

for the purchase directed Machine Tools Direct to deliver the saw directly to Equipment Acquisition Resources on March 15, 2007.  One day after entering into the lease, Charter Capital assigned the lease to plaintiff Lyon Financial Services, which does business as U.S. Bancorp Manifest Funding Services.

Three more leases of equipment to Equipment Acquisition Resources followed.  The second lease occurred on May 25, 2007, when Lyon Financial leased a second industrial saw to Equipment Acquisition Resources, this time for $2,764.50 each month for 36 months.  Lyon Financial had purchased the saw from Machine Tools Direct on April 17, 2007 for $75,000.  The invoice for the purchase directed Machine Tools Direct to deliver the saw directly to Equipment Acquisition Resources on May 10, 2007.

The third lease occurred on November 16, 2007, when TMN Financial Services leased to Equipment Acquisition Resources a third industrial saw for $5,853.32 a month for 60 months.  Equipment Acquisition Resources president Mark Anstett and owner Donna Malone both signed the lease as guarantors.  TMN Financial had purchased the saw from Machine Tools Direct on November 8, 2007, for $265,000.  The invoice for the purchase directed Machine Tools Direct to deliver the saw directly to Machine Tools Direct on November 16, 2007.  TMN Financial immediately assigned the lease to Lyon Financial.

The fourth and final lease occurred on August 8, 2008, when TMN Financial leased to Equipment Acquisition Resources three pieces of equipment:  a Laurier Series DS Model 3000 Tester for Rounding; a Laurier Series DS Model 7000 Series Tester for Edging, and a KLC Tencor Model 5107 Analyzer.  Under the terms of the lease, Equipment Acquisition Resources agreed to monthly payments of $32,019 for 48 months, and Anstett and Malone again signed as

guarantors. TMN Financial had purchased the three items from Machine Tools Direct on August 4, 2008, for a total of $1,197,000. The invoice for the purchases directed Machine Tools Direct to deliver the equipment directly to Equipment Acquisition Resources on August 5, 2008. Again, TMN Financial immediately assigned the lease to Lyon Financial. More than a year later, Lyon Financial sold the fourth lease to CoActiv Capital Parties on October 23, 2009, but CoActive eventually demanded that Lyon Financial repurchase the loan for $900,000 "based on Lyon's alleged misrerpresentations regarding [Equipment Acquisition Resources]'s business model and that the Fourth Lease Equipment was new." Complaint [1-1] ¶ 58.

According to Lyon Financial, Equipment Acquisition Resources failed to make all of the payments required by each of the leases. Specifically, it made only 21 of the 36 payments due under the first lease, 25 of the 36 payments due under the second lease, 21 of the 60 payments due under the third lease, and none of the payments due under the fourth lease. On October 23, 2009, Equipment Acquisition Resources filed for bankruptcy protection under Chapter 11 of the U.S. Bankruptcy Code.

Lyon Financial has not sued Equipment Acquisition Resources, presumably because of the automatic stay occasioned by the bankruptcy filing. Instead, it has sued Anstett (Count I) and Malone (Count II) as guarantors of the third and fourth leases. It has also sued Machine Tools Direct, its president, George Ferguson, along with Anstett, Malone, and Player for fraud (Count III). Specifically, the complaint alleges that the defendants defrauded Lyon Financial by selling to it or its assignors equipment that was inferior to the equipment described on the invoices, and then splitting the proceeds of the sale received from Lyon Financial or its assignors.

Defendants Machine Tools Direct and Ferguson have filed a motion to dismiss the claim against them, arguing that (1) except for the second lease, the alleged misrepresentations were made not to Lyon Financial but rather to its assignors, and Lyon Financial cannot bring a claim of fraud on behalf of its assignors, and (2) the allegations fall short of the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b). The other two defendants, Player and Malone, have not filed an answer or any other pleading in response to the complaint. As a result, Lyon Financial seeks a default judgment against them.

## ANALYSIS

**I.   Motion to Dismiss**

    **A.   Standard of Review**

To succeed on a claim of fraud under Illinois law (which the parties appear to agree governs), a plaintiff must be able to establish each of the following elements: (1) a false statement of material fact; (2) known by the party making the statement to be false; (3) made with the intention of inducing the other party to act; (4) which caused the other party to act in reliance upon the truth of the statement; and (5) damages caused by the other party's reliance upon the false statement. *See Thompson's Gas & Elec. Service, Inc. v. BP America Inc.*, 691 F. Supp. 2d 860, 870 (N.D. Ill. 2010). Under Rule 9(b), claims of fraud are subject to heightened pleading requirements, and the allegations of the circumstances of the fraud must include "'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).

### B. Invoices Sent to Charter Capital and TMN Financial

First, defendants Machine Tools Direct and Ferguson contend that Lyon Financial cannot establish a claim of fraud against them for statements in invoices sent to Charter Capital and TMN Financial, arguing that only Charter Capital and TMN Financial could bring such a claim. However, according to the complaint, Charter Capital and TMN Financial assigned to Lyon Financial "all of the undersigned's right, title, and interest" as the lessors under leases one, three and four. *See* Assignment of lease one, attached to the Complaint [1-1] as Exhibit 4; Assignment of lease three, attached to the Complaint [1-1] as Exhibit 9; Assignment of lease three, attached to the Complaint [1-1] as Exhibit 14. The Illinois Supreme Court has allowed an assignee to pursue a claim of fraud based upon statements made to the assignor, holding that such an assignment does not violate the state's public policy. *See Kleinwort Benson North America, Inc. v. Quantum Fin. Servs., Inc.*, 692 N.E.2d 269, 275 (Ill. 1998). Therefore, it is plausible that Lyon Financial can pursue claims based upon statements made to Charter Capital and TMN Financial.

Alternatively, Machine Tools Direct and Ferguson argue that Lyon Financial's claim of fraud relies on the market theory of fraud, which they contend was discredited by the Illinois Supreme Court in *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 164 (2002). In *Oliveira*, the Illinois Supreme Court held that a plaintiff cannot state a claim under the Illinois Consumer Fraud Act based upon advertisements in the absence of any evidence that the plaintiff actually relied upon or was deceived by the advertisement.

This court need not delve into the market theory of fraud because, as detailed above, Lyon Financial's fraud claims are based upon statements made directly to Lyon Financial or its

assignors, not statements released generally such as advertisements. Accordingly, the defendants' arguments for dismissal based upon the market theory of fraud are unavailing.

## C. Failure to State a Claim

Next, the defendants seek to dismiss the fraud claim for failure to meet the particularity requirements of Federal Rule of Civil Procedure 9(b). The court begins its analysis by identifying the allegedly false statements of fact that Lyon Financial contends induced its reliance. The complaint alleges the false statements to consist of the following:

> fabricated invoices for equipment [sent] to Lyon and other equipment finance companies, when the equipment was (a) never manufactured; (b) actually used/refurbished equipment listed at substantially overinflated prices; (c) pledged more than once to a particular lender/lessor; (d) never supplied by Machine Tools to EAR; (e) identified by fake serial numbers created by the Defendants to deceive lenders; and/or (f) not "new" equipment as represented.

Complaint [1-1] at ¶ 73. In essence, Lyon Financial is alleging that Machine Tool Direct described the equipment it purported to sell on its invoices, but that the equipment delivered did not conform to that description.

Under Illinois law, a fraud claim may not be premised on a party's failure to comply with a term of a contract. In *Chicago Messenger Serv., Inc. v. Nextel Communications, Inc.*, No. 01 CV 8820, 2003 WL 22225619, at **2-3 (N.D. Ill. Sept. 24, 2003), the plaintiff alleged that his celluar phone carrier assessed a monthly access charge for cell phones that had been deactivated, even though the parties' contract required it to waive the access fees for deactivated phones and the defendant had also orally stated that it would not assess the fee. The court held that the defendant's breach of its written and oral promises not to assess access charges for deactivated phones was nothing more than a claim for breach of contract, and dismissed it: "To the extent

that [the plaintiffs'] allegations are, at their core, a claim for breach of contract, then relief is not warranted when simply repackaged as fraud-based claims." *Id.* at *10.

Likewise, the purported fraud that Lyon Financial has alleged is merely that Machine Tools Direct failed to comply with the terms of the parties' agreement: to deliver equipment conforming to equipment described on the invoices. As a result, to the extent that Lyon Financial was damaged, its remedy would be in contract, not tort. Accordingly, the motion to dismiss Count III against defendants Machine Tools Direct and Ferguson is granted. Because Lyon Financial's fraud claim is dismissed, the court need not address whether the allegations satisfy the other elements of a claim of fraud, for instance, whether Lyon Financial can show that it was damaged by being induced into leasing substandard equipment at market rates.

## II.     Motion for Default Judgment

Next, the court addresses the plaintiffs' motion for a default judgment against Player and Malone. Default proceedings consist of two stages—the establishment of a default, followed by the entry of a default judgment. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). According to the completed Affidavits of Service, personal service upon both Player and Malone was effected on April 20, 2010. To date, despite the service of process, neither defendant has filed an appearance or answered the complaint. Accordingly, Player and Malone are in default, and the court shall enter an order of default against each of them. The court also notes that although Lyon Financial has sought a default judgment against only Player and Malone, personal service was also effected on defendant Mark Anstett on April 22, 2010, and he has also failed to file an answer or other responsive pleading. Therefore, the court also enters an order of default against Anstett.

Having established the defaults of Player and Malone, the court now proceeds to the second stage to examine whether Lyon Financial is entitled to relief. *Id.*; *see also* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 2688, at 63 (3d ed. 1998) ("Even after the default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action.") Under this stage, the plaintiff may not merely rest upon the allegations in the complaint. Instead, the plaintiff must provide evidence to the court so that it may determine whether the complaint alleged a cause of action, as well as "'ascertain the amount of damages with reasonable certainty.'" *In re Catt*, 368 F.3d at 793 (quoting *Credit Lyonnais Securities (USA) v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

### A. Count III (Fraud)

The court shall begin with a discussion of whether the complaint alleges a cause of action for fraud against Player and Malone. As the court stated above during its analysis of the motion to dismiss, the false statements that form the basis of the allegations of fraud are descriptions on invoices of equipment Machine Tools Direct sold to Lyon Financial or its assignors. But those allegations do not state a claim of fraud because any remedy for such statements would be in contract, not fraud. Therefore, for the same reasons Lyon Financial has failed to state a claim of fraud against Machine Tools Direct and Ferguson, it has likewise failed to state a claim of fraud against Player and Malone. The court also notes that the only fraudulent statements alleged in the complaint are the descriptions on Machine Tools Direct's invoices—there are no allegations of statements actually made by Player or Malone

Accordingly, Lyon Financial is not entitled to judgment against Player and Malone on Count III and its motion for judgment on that count is denied.

### B. Count II (Breach of Guaranty)

In Count II, Lyon Financial alleges that Malone was a guarantor on the third and fourth leases of equipment to Equipment Acquisition Resources and, therefore, is personally liable for the $226,990.80 in outstanding payments due under the third lease, and for the $900,000 it paid to CoActive to repurchase the fourth lease.

The court declines to enter judgment on Malone's liability as guarantor of the third and fourth leases for two reasons. First, Lyon Financial is seeking identical damages under Count I from Mark Anstett, who was also a guarantor of the third and fourth leases. Lyon Financial is not seeking a default judgment against Anstett, and the court therefore finds that it would be just and prudent to wait before entering a judgment that may affect Anstett's rights. Second, Lyon Financial alleged in Count III that it was damaged in those same amounts—$226,990.80 under the third lease and $900,000 under the fourth lease—based upon to the defendants' allegedly fraudulent statements. Although the court has dismissed the fraud claims against Machine Tools Direct and Ferguson, Lyon Financial may seek to amend the complaint to reassert a claim of fraud. The court therefore finds it would also be just and prudent to decline at this time to enter a judgment that determines the damages attributable to the third and fourth leases, which could affect Machine Tools Direct and Ferguson's liability.

Therefore, the court denies Lyon Financial's motion for default judgment without prejudice.

## CONCLUSION

For the reasons stated, the motion to dismiss [13-1] of defendants Machine Tools Direct, Inc. and George W. Ferguson is granted. An order of default is entered against defendants

Sheldon Player, Donna Malone, and Mark Anstett. However, the motion for a default judgment against Player and Malone [18-1] is denied without prejudice. Any amended complaint shall be filed no later than October 21, 2010. The parties shall report for a status hearing on November 18, 2010, at 11:00 a.m.

ENTER:

DATE: October 1, 2010

Blanche M. Manning
United States District Judge